**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EDITH TRUVILLION**, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil No. PJM 05-2641 |
| | * | |
| **RICHARD M. KREMEN,** | * | |
| | * | |
| Appellee. | * | |

**MEMORANDUM OPINION**

On September 7, 2005, Appellant Edith Truvillion filed a Notice of Appeal from an order of the Bankruptcy Court dated August 24, 2005.

On March 22, 2006, Appellee Richard M. Kremen, the Bankruptcy Trustee, filed a Motion to Dismiss for Lack of Prosecution, arguing that Truvillion failed to timely notice her appeal as required by Bankruptcy Rule 8002(a); failed to file with the Clerk and serve on him a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after filing the notice of appeal as required by Bankruptcy Rule 8006; failed to file with the Clerk and serve on him a brief in support of her appeal within 15 days of entry of the appeal on the Court's docket as required by Bankruptcy Rule 8009(a), and failed to take any action whatsoever in this appeal for nearly four months. Kremen argued that Truvillion has effectively abandoned the appeal and requests that the Court dismiss it.

As of this date, April 27, 2006, Truvillion has filed no response to Kremen's Motion.[1] In light of the fact that she has not responded to the Motion, but more importantly because it is clear that she has not filed any of the above referenced requisite pleadings with the Court in support of her appeal and because the Court finds that any further delay in prosecuting this appeal will have a prejudicial effect on the other parties, Kremen's Motion to Dismiss for Lack of Prosecution [Paper No. 3] will be GRANTED and Truvillion's appeal will be DISMISSED.

A separate Order will Issue.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 27, 2006

---

1 Kremen mailed his Motion to Truvillion's home address, 325 Pennsylvania Ave., S.E., Washington, DC 20003, rather then P.O. Box 77878, One Massachusetts Ave., N.E., Washington, DC 20013, the address Truvillion gave as her address of record. The record indicates that mail sent by the Court to the Post Office box address has been returned undeliverable as the box apparently has been closed.

Litigants are required to advise the Court of any changes in address, *see* Local Rule 102(b)(iii), precisely to avoid claims that they moved and never received copies of pleadings.